FULMER, Judge.
In this appeal of a dependency order, the mother contends that hearsay statements of the child were improperly admitted into evidence. We agree. Because we are unable to conclude that the error was harmless, we reverse.
The facts giving rise to the dispute in this case are as follows. The primary allegation in the petition for dependency was that the child had been sexually abused. Before trial, the trial court conducted a hearing, pursuant to section 90.803(23)(a)l, Florida Statutes (1993), to determine the reliability of the child’s videotaped interview with a member of the child protection team. The trial court found “sufficient indicia of reliability to warrant its admissibility if the proper predicate is laid,” pursuant to section 90.803(23)(a)2.
At trial, the Department of Health and Rehabilitative Services (HRS) called the child as a witness. After the child was determined to be competent to testify, HRS attempted to elicit testimony regarding the sexual abuse. The child was unable to testify to any material and relevant facts regarding the assault. She stated that she did not remember. HRS offered into evidence the child’s videotaped interview as well as statements made by the child to her foster mother.[1] The mother objected and argued, primarily, that the hearsay statements were not admissible because the child failed to “testify,” as required by section 90.803(23)(a)2. HRS responded that the child did testify by taking the witness stand and being subject to cross-examination. The trial court ruled:
Well, all right. I’m going to stretch the outer limits of the definition for testifying, deem that [the child] has testified in this case, and I’ll let the Second District Court of Appeal, if it gets to that point, decide whether or not a proper predicate has been laid.
So I’ll admit the videotape, and then I’ll admit the statements made by Miss Schu-ler as to what [the child] told her.
A close reading of the statute reveals that the child’s inability to remember and recount the sexual abuse rendered her “unavailable.” Section 90.803(23)(a)2 provides that reliable statements of a child victim, eleven years or younger, which describe an act of child or sexual abuse are admissible if:
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child’s participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to section 90.804(1).
A child is unavailable under section 90.803(23)(a)2 if the trial court finds that “the child’s participation in the trial or proceeding *1183 would result in a substantial likelihood of severe emotional or mental harm” or if the trial court finds that any of the definitions of “unavailability” set forth in section 90.804(1), Florida Statutes (1993), are met. Charles W. Ehrhardt, Florida Evidence, § 803.23, at 699 (1996). One of those definitions is that the declarant “[h]as suffered a lack of memory of the subject matter of his statement so as to destroy his effectiveness as a witness during trial.” § 90.804(l)(c), Fla.Stat. In this case, the child suffered a lack of memory and was, therefore, “unavailable.” Consequently, her statements were admissible only if other corroborative evidence was presented.
During the discussion leading up to the ruling that the child “testified” the trial court commented, “We also really don’t have any corroborative evidence of the assault.” However, because the trial eourt improperly concluded that the child testified, it did not specifically rule on the question of whether there was other corroborative evidence. Based on our review of the record, it does not appear that there was corroborative evidence and, therefore, we conclude that the trial court erred by admitting the statements into evidence. Because we are unable to conclude that the error was harmless, we reverse and remand for further proceedings.
THREADGILL, C.J., and LAZZARA, J., concur.

. During the trial and prior to the admission of the statement made to the foster mother, the trial court conducted a hearing on the issue of reliability and made the requisite findings.